Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAICHE TEXTILE, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> UMGEE U.S.A., INC., a California Corporation; REALITY CHECK, an Iowa business entity of unknown form; SMALL TOWN BOUTIQUE, a Tennessee business entity of unknown form; BESTNBESTFASHION.COM, a California business entity of unknown form; LEMON TREE TRADING CORP., a California Corporation; CLOTHINGCOLLECTIONZ.COM, a California business entity of unknown form; FASHION ANGELES, a California business entity of unknown form; PAPERDOLLWHOLESALE.COM, a California business entity of unknown form; TRENDY U FASHION, a | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

- 1 -

California business entity of unknown form; COWGIRLS UNTAMED WESTERN JEWELRY, ACCESSORIES & MORE, LLC, a California Limited Liability Company; PLAN B FASHIONISTA BOUTIQUE, a California business entity of unknown form; MC'S KLOZET, a California business entity of unknown form; HEAVENLY GOODIES, a Tennessee business entity of unknown; FLYING DAISY, a Florida business entity of unknown form; THELOOKBOOKWHOLSALE.COM, a California business entity of unknown form; MIO WHOLESALE, a California business entity of unknown form; THE WANDERING APPLE BOUTIQUE, a Tennessee business entity of unknown form; TRES BELLE BOUTIQUE, a Wisconsin business entity of unknown form; KNITTED BELLE BOUTIQUE, LLC, a Kansas Limited Liability Company; WHAT SHE WANTS BOUTIQUE, an Illinois business entity of unknown form; HOUSER SHOES, INCORPORATED, a North Carolina Corporation; PAGE 6 BOUTIQUE, South Carolina business entity of unknown form; SOUTHERN SASS BOUTIQUE, a Texas business entity of unknown form; RUSTIC RUFFLES, a Tennessee business entity of unknown form; SAVING GRACE BOUTIQUE, an Alabama business entity of unknown form; FUN & A LIL CHIC BOUTIQUE, a Texas business entity of unknown form; EXIT 16, a Mississippi business entity of unknown form; and DOES 1 through 10,

COMPLAINT

1 | Defendants.

2

3       Plaintiff, FRAICHE TEXTILE, INC. (hereinafter "Plaintiff"), by and through

4  its undersigned attorneys, hereby prays to this honorable Court for relief based on the

5  following:

6                        **JURISDICTION AND VENUE**

7       1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101

8  *et seq.*

9       2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and

10 1338 (a) and (b).

11      3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

12 1400(a) in that this is the judicial district in which a substantial part of the acts and

13 omissions giving rise to the claims occurred.

14                             **PARTIES**

15      4.  Plaintiff, FRAICHE TEXTILE, INC., is a corporation organized and

16 existing under the laws of the state of California with a place of business in Los

17 Angeles County.

18      5.  Plaintiff is informed and believes and thereon alleges that Defendant

19 UMGEE U.S.A., INC. ("UMGEE") is a corporation organized and existing under

20 the laws of the state of California and is doing business in and with the state of

21 California.

22      6.  Plaintiff is informed and believes and thereon alleges that Defendant

23 REALITY CHECK ("REALITY") is a business entity of unknown form organized

24 and existing under the laws of the state of Iowa, with its principal place of business

25 located at 1085 University Ave, Dubuque, Iowa 52001, and is doing business in and

26 with the state of California.

27      7.  Plaintiff is informed and believes and thereon alleges that Defendant

28

SMALL TOWN BOUTIQUE ("SMALL TOWN") is a business entity of unknown form organized and existing under the laws of the state of Tennessee, with its principal place of business located at 115 East Main Street, Newbern, Tennessee 38059, and is doing business in and with the state of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendant BESTNBESTFASHION.COM ("BEST") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 747 E 10th Street, #305, Los Angeles, California 90021, and is doing business in and with the state of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant LEMON TREE TRADING CORP. ("LEMON TREE") is a corporation organized and existing under the laws of the state of California and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant CLOTHINGCOLLECTIONZ.COM ("COLLECTIONZ") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 7205 Hollywood Blvd, Suite 512, Hollywood, California 90046, and is doing business in and with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant FASHION ANGELES is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 16113 S Harvard Blvd., Unit A, Gardena, California 90247, and is doing business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant PAPERDOLLWHOLESALE.COM ("PAPERDOLL") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 210 E. Olympic Blvd., #419, Los Angeles,

- 4 -

California 90015, and is doing business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant TRENDY U FASHION ("TRENDY U") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 1127 S. Wall Street, Los Angeles, California 90015, and is doing business in and with the state of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant COWGIRLS UNTAMED WESTERN JEWELRY, ACCESSORIES & MORE, LLC ("COWGIRLS") is a limited liability company organized and existing under the laws of the state of California, with its principal place of business located at 19301 Green Acres Dr., Perris, California 92570, and is doing business in and with the state of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant PLAN B FASHIONISTA ("PLAN B") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 28522 Old Town Front St., Temecula, CA 92590, and is doing business in and with the state of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant MC'S KLOZET ("KLOZET") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 14 Via Katrina, Thousand Oaks, California 91320, and is doing business in and with the state of California.

17. Plaintiff is informed and believes and thereon alleges that Defendant HEAVENLY GOODIES ("HEAVENLY") is a business entity of unknown form organized and existing under the laws of the state of Tennessee, with its principal place of business located at 123 Rustic Lane, Gallatin, Tennessee 37066, and is doing business in and with the state of California.

18. Plaintiff is informed and believes and thereon alleges that Defendant

FLYING DAISY ("DAISY") is a business entity of unknown form organized and existing under the laws of the state of Florida, with its principal place of business located at 6752 W Gulf to Lake Hwy, #208, Crystal River, Florida 34429, and is doing business in and with the state of California.

19. Plaintiff is informed and believes and thereon alleges that Defendant THELOOKBOOKWHOLESALE.COM ("LOOK BOOK") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 2060 E 37th St Vernon, California 90058, and is doing business in and with the state of California.

20. Plaintiff is informed and believes and thereon alleges that Defendant MIO WHOLESALE ("MIO") is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 1127 S. Wall Street, Los Angeles, California 90015, and is doing business in and with the state of California.

21. Plaintiff is informed and believes and thereon alleges that Defendant THE WANDERING APPLE BOUTIQUE ("APPLE") is a business entity of unknown form organized and existing under the laws of the state of Tennessee, with its principal place of business located at 173 Jack Thomas Drive, Manchester, Tennessee 37355, and is doing business in and with the state of California.

22. Plaintiff is informed and believes and thereon alleges that Defendant THE TRES BELLE BOUTIQUE ("TRES") is a business entity of unknown form organized and existing under the laws of the state of Wisconsin, with its principal place of business located at 233 Broad Street, Lake Geneva, Wisconsin 53146, and is doing business in and with the state of California.

23. Plaintiff is informed and believes and thereon alleges that Defendant KNITTED BELLE BOUTIQUE, LLC ("KNITTED") is a limited liability company organized and existing under the laws of the state of Kansas and is doing business in and with the state of California.

24. Plaintiff is informed and believes and thereon alleges that Defendant WHAT SHE WANTS BOUTIQUE ("WANTS") is a business entity of unknown form organized and existing under the laws of the state of Illinois, with its principal place of business located at 200 W. Golf Road, Libertyville, Illinois 60048, and is doing business in and with the state of California.

25. Plaintiff is informed and believes and thereon alleges that Defendant HOUSER SHOES, INCORPORATED ("HOUSER") is a corporation organized and existing under the laws of the state of North Carolina, and is doing business in and with the state of California.

26. Plaintiff is informed and believes and thereon alleges that Defendant PAGE 6 BOUTIQUE ("PAGE 6") is a business entity of unknown form organized and existing under the laws of the state of South Carolina, with its principal place of business located at 936 Market Street, Suite 104, Fort Mill, South Carolina 29715, and is doing business in and with the state of California.

27. Plaintiff is informed and believes and thereon alleges that Defendant SOUTHERN SASS ("SASS") is a business entity of unknown form organized and existing under the laws of the state of Texas, with its principal place of business located at 1B Virginia Place, Port Lavaca, Texas 77979, and is doing business in and with the state of California.

28. Plaintiff is informed and believes and thereon alleges that Defendant RUSTIC RUFFLES ("RUFFLES") is a business entity of unknown form organized and existing under the laws of the state of Tennessee, with its principal place of business located at 108 Scottsville Road, Lafayette, Tennessee 37083, and is doing business in and with the state of California.

29. Plaintiff is informed and believes and thereon alleges that Defendant SAVING GRACE BOUTIQUE ("GRACE") is a business entity of unknown form organized and existing under the laws of the state of Alabama, with its principal place of business located at 3245 Montgomery Hwy #13, Dothan, AL 36303, and is

COMPLAINT

doing business in and with the state of California.

30. Plaintiff is informed and believes and thereon alleges that Defendant FUN & A LIL CHIC BOUTIQUE ("FUN") is a business entity of unknown form organized and existing under the laws of the state of Texas, with its principal place of business located at 114 E. Irving Blvd. Irving, Texas 75060, and is doing business in and with the state of California.

31. Plaintiff is informed and believes and thereon alleges that Defendant EXIT 16 ("EXIT") is a business entity of unknown form organized and existing under the laws of the state of Mississippi, with its principal place of business located at 4405 E. Aloha Drive, Diamondhead, Mississippi 39525, and is doing business in and with the state of California.

32. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to named Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

33. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 6 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will

seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

34. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN J6277

35.  Plaintiff owns in exclusivity an original two-dimensional artwork that it has titled J6277 (hereinafter "Subject Design"). The Subject Design was developed for use in the fashion industry, and was marketed to Plaintiff's customer base before the occurrence of the conduct at issue.

36. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

37. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

38. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

39. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, UMGEE, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of

fabric featuring designs which are identical to or substantially similar to the Subject Design (hereinafter "Infringing Product") to wholesalers and retailers, including but not limited to REALITY, SMALL TOWN, BEST, LEMON TREE, COLLECTIONZ, FASHION ANGELES, PAPERDOLL, TRENDY U, COWGIRLS, PLAN B, KLOZET, HEAVENLY, DAISY, LOOK BOOK, MIO, APPLE, TRES, KNITTED, WANTS, HOUSER, PAGE 6, SASS, RUFFLES, GRACE, FUN, and EXIT, that then each sold said garments to additional retailers, or directly to the public. Such garments include, but are not limited to, garments depicted hereinbelow.

40. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them accessed Subject Design before committing the acts of infringement alleged herein.

41. A comparison of the Subject Design and exemplars of Infringing Product are set forth below. A review of the artwork makes clear that the elements, composition, colors, arrangement, layout, and appearance of the designs are at least substantially similar:

///
///

- 10 -

COMPLAINT

| SUBJECT DESIGN | INFRINGING PRODUCT EXEMPLARS |
|---|---|
|  | AMAZON PRODUCT<br> |
|  |  |

- 11 -

COMPLAINT



REALITY and SMALL TOWN PRODUCT







COMPLAINT



BEST and LEMON TREE PRODUCT







COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COLLECTIONZ, FASHION ANGELES, PAPERDOLL, and TRENDY U PRODUCT







COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COWGIRLS and PLAN B PRODUCT







COMPLAINT



KLOZET, CUZINZ and
HEAVENLY PRODUCT







- 16 -

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DAISY, LOOK BOOK, MIO, APPLE and
TRES PRODUCT







COMPLAINT

KNITTED and WANTS PRODUCT









COMPLAINT

HOUSER PRODUCT

COMPLAINT



PAGE 6 PRODUCT







COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SASS PRODUCT







COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUFFLES and GRACE PRODUCT









COMPLAINT

FUN PRODUCT









COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXIT 16 PRODUCT







COMPLAINT

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

42. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

43. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, without limitation, (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

44. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments that infringe Plaintiff's rights in the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

46. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

47. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

48. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in Subject Design in an amount to be established at trial.

49. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

50. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

51. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

- 26 -

COMPLAINT

52. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

53. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

54. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in Subject Design, in an amount to be established at trial.

55. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### Witih Respect to Each Claim for Relief

- 27 -

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 1, 2016        By:   */s/ Scott Alan Burroughs*
                                     Scott Alan Burroughs, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff
                                     FRAICHE TEXTILE, INC.

- 28 -